**LTL ATTORNEYS LLP**
Paul Moskowitz (SBN 219158)
*paul.moskowitz@ltlattorneys.com*
580 California Street, 12th Floor
San Francisco, CA 94104
Tel: 650-422-2130
Fax: 650-241-2142

Attorneys for Petitioner,
Beijing TrueLake Culture
Development Limited

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of BEIJING TRUELAKE CULTURE DEVELOPMENT LIMITED, a Chinese corporation, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings, Pursuant to the Federal Rules of Civil Procedure, of Respondent TENCENT MUSIC ENTERTAINMENT GROUP | Case No.:<br><br>***EX PARTE* APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782** |

**1**
***EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Petitioner Beijing TrueLake Culture Development Limited (the "TrueLake") hereby applies to this Court *ex parte* for an order authorizing certain limited discovery pursuant to 28 U.S.C. § 1782 from Tencent Music Entertainment Group ("TME") for discovery related to two copyright infringement lawsuits that TrueLake initiated in Beijing, China (the "Chinese Litigation").

In support of its application, TrueLake submits a Memorandum of Points and Authorities, to which are attached the declarations of Hairuo Zhang, who represents TrueLake in the Chinese Litigation, and Irving Miller, who is Chief Executive of Beijing TrueLake Culture Consulting Limited, an affiliate of TrueLake, and who in that capacity works directly with TrueLake and has personal knowledge of its operations. The subpoena to be served on TME is also attached to this Application as **Exhibit A**.

## NATURE OF THE APPLICATION

1. This is a limited purpose action brought pursuant to 28 U.S.C. § 1782 to obtain evidence from TME for use in a foreign judicial proceeding.

2. 28 U.S.C. § 1782(a) authorizes a district court to order parties within its district to provide evidence in support of foreign legal proceedings. This Court has held that a legal entity with an office in a district "resides or is found" in the district. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016); *Super Vitaminas, S.A.*, Misc. Action No. 17-80125-SVK, 2017 WL 5571037, at *2 & n.1 (N.D. Cal. Nov. 20, 2017); *In re Ex Part Application of TPK Touch Sols. (Xiamen) Inc.*, Misc. Action No. 16-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016).

3. As discussed in greater detail in the accompanying memorandum of law, TrueLake's Application meets the three statutory requirements set forth in 28 U.S.C. § 1782 because (1) TME "resides or is found" in Palo Alto, California, which is in this district; (2) the discovery sought is for use in the Chinese Litigation, which

1  is a proceeding before a foreign tribunal; and (3) TrueLake, as a litigant in the foreign proceeding, is an interested person.

4. TrueLake's Application also satisfies the four discretionary factors the Supreme Court outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004). As explained further in the accompanying memorandum, TME is not a party in the Chinese Litigation; the Beijing Internet Court is receptive to evidence provided by way of Section 1782 proceedings in the U.S.; TrueLake does not seek to circumvent foreign proof-gather restrictions; and TrueLake's requests are not unduly burdensome.

5. Accordingly, Petitioner respectfully requests that the Court permit it to serve a subpoena seeking documentary evidence from TME. Attached hereto as **Exhibit A** is a copy of Petitioner's proposed subpoena (the "Subpoena").

### THE PARTIES

6. TrueLake is a Chinese corporation having its principal place of business in Beijing, China. (Declaration of Irving Miller ("Miller Decl."), ¶ 3.) TrueLake publishes and distributes audiobooks for the Chinese language market. TrueLake focuses on providing high-quality audiobooks of works both created originally in Chinese and translated from non-Chinese sources. Chinese language audiobooks distributed by TrueLake include the entirety of George R.R. Martin's "Song of Ice and Fire" series (also known as "Game of Thrones"), Dan Brown's "The Da Vinci Code," several works by Stephen King, including "Rita Hayworth and the Shawshank Redemption," "It," "The Green Mile," and the modern children's classic, "Diary of a Wimpy Kid," by Jeff Kinney. (*Id.* at ¶¶ 4-5.)

7. TME is a Chinese Internet technology company that owns and operates a comprehensive suite of music entertainment products, services, and platforms that provide users with a broad range of services, including music streaming, online karaoke, and live streaming services in the People's Republic of China. (Declaration of Hairuo Zhang ("Zhang Decl."), ¶ 5.) TME also provides

3
EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

users access to audio content, including audio books, cross-talks, radio dramas, and other entertainment. (*Id.*) TME is one of the largest audio streaming providers in China. (*Id.*) Shares of TME's stock have been listed on the New York Stock Exchange (stock symbol TME) since 2018. (*Id.* at ¶¶ 6, 7.)

8. TME operates through various offices and subsidiaries, including four subsidiaries located at 2747 Park Blvd. Palo Alto, CA 94306. (*Id.* at ¶¶ 8, 10.) TME also regularly conducts business throughout California – including in this judicial district – through its online distribution of mobile games and on-demand music-streaming service through the Apple App Store, the Android Google Play distribution network. (*Id.* at ¶¶ 10, 12.) Thus, for purposes of 28 U.S.C. § 1782, TME "resides or is found" in this district.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 28 U.S.C. § 1782.

10. This Court is the proper venue for this action because TME resides in this District.

## BACKGROUND

11. Among TME's numerous properties is an on-demand music-streaming service that is available as a mobile application (the "Kuwo Music App"). (*Id.* at ¶ 9.) Through the Kuwo Music App, users around the world, including users in this Judicial District, can access audio content uploaded by other users. (*Id.* at ¶ 12.) When a user uploads content using the Kuwo Music App, that work is copied to Kuwo's servers, where it can be streamed and downloaded by other users. When a user streams or downloads a work using the Kuwo Music App, that work is copied to from Kuwo's servers to the user's computer or mobile device. (*Id.*)

12. Among the works that TrueLake has the exclusive worldwide rights to distribute are certain works by the popular cross-talk performer Sanli Ma.[1] (Miller Decl., ¶ 6.) TrueLake and one of its affiliates, TrueLake Holdings Limited, have the exclusive worldwide license from the rights-holder, Linking Publishing Co., Ltd., to publish and sell the works "Hu Xue Yan" (胡雪巖), "Red Cap Merchant" (紅頂商人), and "Deng Huo Lou Tai" (燈火樓臺), (collectively "Red Cap Merchant Works") by the author Gao Yang in audiobook format in Mandarin Chinese. (*Id.* at ¶ 7.)

13. In 2021 and 2022, TrueLake discovered that certain of its copyrighted titles, including works by Mr. Ma and the Red Cap Merchant Works, are available for streaming and download without permission via the Kuwo Music App. (*Id.* at ¶ 8.) Investigation by TrueLake and its attorneys in China determined that the infringing works were uploaded by the users of the Kuwo Music App. (Zhang Decl., ¶ 12.) The scope of the infringement was massive; Mr. Ma's works, for example, had been improperly accessed (*i.e.*, streamed or downloaded) over 87 million times as of July 20, 2022. (Miller Decl. ¶ 9; Zhang Decl., ¶ 13.) The Red Cap Merchant Works had been improperly accessed more than 1.6 million times as of August 30, 2022. (*Id.*)

14. TrueLake's investigation also revealed that TME developed and operates the Kuwo Music App through its subsidiary, Kuwo. (Zhang Decl., ¶ 14.) TrueLake contacted Kuwo multiple times to inform it of the infringement and demand that it remove the unauthorized titles. (Zhang Decl., ¶ 15; Miller Decl., ¶ 11.) But Kuwo failed and refused to remove the subject works. (*Id.*)

15. Accordingly, on August 25, 2022, TrueLake initiated a lawsuit in the Beijing Internet Court ("BIC") against Kuwo for contributory copyright infringement of various Sanli Ma works. (Zhang Decl., ¶ 16; Miller Decl., ¶ 12.) On

---

[1] Cross Talk is a form of comedy that is popular in China. It typically is characterized by a comic dialogue between two actors who talk back and forth, using jokes, mimicry, and funny dialogues designed to amuse the audience.

September 8, 2022, TrueLake initiated a second suit in the BIC against Kuwo; this one was for contributory copyright infringement of the subject Red Cap Merchant Works. (*Id.*)

## APPROPRIATENESS OF *EX PARTE* RELIEF

16. Petitioner's *ex parte* application is the appropriate vehicle for seeking the requested relief pursuant to section 1782. Indeed, applications under Section 1782 typically are brought *ex parte*. *In re Societe d'Edute de Realisation et d'Exploitation pour le Traitement du Mais*, No. 13-80261, 2013 WL 6141655, at *1 (N.D. Cal. Nov. 21, 2013) ("Ex parte applications are appropriate for seeking discovery pursuant to § 1782."). If the petitioner shows that the three statutory factors are met and the discretionary factors weigh in the petitioner's favor, district courts will typically authorize service of the subpoena. *See, e.g.*, *In re Rigby*, No. 13-0271, 2013 WL 622235, at *3 (S.D. Cal. Feb. 19, 2013) (granting *ex parte* section 1782 application); *In re Futurecorp Int'l Pty Ltd.*, No. 12-80267, 2012 WL 5818288, at *1 (N.D. Cal. Nov. 15, 2012) (same); *In re Republic of Ecuador*, No. 10-80225, 2010 WL 3702427, at *2-3 (N.D. Cal. Sept. 15, 2010) (same); *Cryolife*, 2009 WL 88348, at *5 (same). If the respondent objects, it may bring a motion to quash or motion for a protective order. *See In re Republic of Ecuador*, 2010 WL 3702427, at *2-3.

## TITLE 28 U.S.C. § 1782

17. 28 U.S.C. § 1782 authorizes this Court to order any person in the Northern District of California to produce documents or give testimony for use in a foreign proceeding upon the application of any person with an interest in that proceeding. Specifically, 28 U.S.C. § 1782(a) provides, in relevant part, that:

> The district court of the district in which a person resides or is found may order him … to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that … the document or other thing be produced, before a person appointed by the court.

18. To obtain discovery in aid of a foreign litigation, a petitioner must show: (a) that the person to provide discovery resides or is found in the district where the application is made; (b) that the information sought is "for use in a proceeding in a foreign or international tribunal"; and (c) that the petitioner is an "interested person" in the foreign proceeding. 28 U.S.C. § 1782. Petitioner satisfies each of these requirements in this case.

19. As set forth in greater detail in the accompanying memorandum of law, TrueLake's Application meets the three statutory requirements set forth in 28 U.S.C. § 1782 because (1) TME "resides or is found" throughout California, including in Palo Alto, which is in this district; (2) the discovery sought is for use in the Chinese Litigation, which is a proceeding before a foreign tribunal; and (3) TrueLake, as a litigant in the foreign proceeding, is an interested person.

20. TrueLake's Application also satisfies the four discretionary factors the Supreme Court outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004). In particular, as explained further in the accompanying memorandum, TME is not a party in the Chinese Litigation; the Beijing Internet Court is receptive to evidence provided by way of Section 1782 proceedings in the U.S.; TrueLake does not seek to circumvent foreign proof-gather restrictions; and TrueLake's requests are not unduly burdensome.

## THE SUBPOENA

21. The Subpoena, the substance of which is attached hereto as **Exhibit A**, is narrowly tailored to obtain documentary evidence that will support the Chinese Litigation. (*See* Zhang Decl., ¶ 22.)

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner requests:

(1) An order pursuant to 28 U.S.C. § 1782 TrueLake to serve TME with the Subpoena attached hereto as **Exhibit A**; and

(2) Such other relief is just and proper.

DATED: November 17, 2022            **LTL ATTORNEYS LLP**

By: */s/ Paul Moskowitz*
 Paul Moskowitz
 Attorneys for the Petitioner
 Beijing TrueLake Culture
 Development Limited